UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDEEP SINGH (A-216-173-944), | Case No.  1:26-cv-1867 DAD CSK |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CHRISTOPHER CHESTNUT, et al., | |
| Respondents. | |

Petitioner Amandeep Singh (A-216-173-944), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement ("ICE").  (ECF No. 1.)  Petitioner argues that his detention without a hearing and his continued detention violates his due process rights under the Fifth Amendment. (ECF No. 1 at 16-18 (claims one and two).)  For the following reasons, this Court recommends that the petition be granted.

## I.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure

1

release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

**II.      DISCUSSION**

On March 9, 2026, petitioner filed his habeas petition and a motion for a temporary restraining order. (ECF Nos. 1, 2.) On March 9, 2026, the district court stated that the issues raised therein appeared to mirror those previously addressed in many prior cases. (ECF No. 6.) The district court directed respondents to show cause whether there are any factual or legal issues in this case that render it distinct from the district court's prior orders and would justify denial of a preliminary injunction. (ECF No. 6.) On March 10, 2026, respondents filed a response to the petition and opposition to the motion for a temporary restraining order. (ECF No. 8.) In the opposition, respondents argued that petitioner is an "applicant for admission" within the meaning of 8 U.S.C. § 1225(b), but also acknowledged that this case does not appear to present any facts distinguishing it substantively from prior orders issued by the district court. (Id. at 2-3.) On March 10, 2026, the district court noted respondents' concession that there are no factual or legal issues in this case that render this case distinct from prior orders issued by the district court, converted petitioner's motion for a temporary restraining order to a motion for preliminary injunction and granted the injunction. (ECF No. 9.) The district court observed that petitioner originally entered the United States in 2017 at 17 years old as an unaccompanied minor and, after a brief detention, was released into the country under the care of his U.S. sponsor by the Office of Refugee Resettlement ("ORR") on or about December 15, 2017. (Id.) On or about January 9, 2026, petitioner was detained by ICE officials without any prior notice or explanation. (Id.) The district court granted the petition citing P.A.H.E. v. Noem, No. 1:26-cv-01664 DJC JDP, 2026 WL 451662 (E.D. Cal. Feb. 17, 2026) and R.D.T.M. v. Wofford, 1:25-cv-01141 KES SKO, 2025

WL 2686866 (E.D. Cal. Sep. 18, 2025).  (Id.)  In addition to granting petitioner's immediate release, the district court enjoined and restrained respondents from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner written notice and a pre-detention hearing before a neutral adjudicator where respondents will have the burden of establishing that petitioner is a danger or flight risk.  (Id.)   The district court referred this action to the assigned magistrate judge for further proceedings.  (Id.)

On March 16, 2026, this Court ordered that if additional briefing was needed to decide the petition on the merits, within 7 days of the date of the order, respondents may file an answer.  (ECF No. 10.)  Seven days passed and respondents did not file an answer.  See Docket.  Briefing is closed.

Where the record before the district court has not changed since the district court's ruling on the motion for a temporary restraining order and request for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that respondents violated petitioner's Fifth Amendment due process rights by detaining him and continuing to detain him without a hearing (claims one and two).  See 3/10/2026 Order; P.A.H.E., 2026 WL 451662; R.D.T.M., 2025 WL 2686866.  In P.A.H.E. and R.D.T.M., the district courts found immigration officials violated the due process rights of unaccompanied minors, who were briefly detained then released to the care of a sponsor or family member, when immigration officials re-detained them without a pre-deprivation hearing.  See P.A.H.E., 2026 WL 451662, at *1-4; R.D.T.M., 2025 WL 2686866, at *1, 4-7.

Respondents' alternative request that this matter be stayed pending a ruling by the Ninth Circuit in Rodriguez v. Bostock, No. 25-6842 (9th Cir.) and Carballo v. Andrews, No. 25-6533 (9th Cir.) should be denied as these cases addressed claims not raised in the instant action.  Rodriguez v. Bostock addressed the interpretation of 8 U.S.C. § 1225(b) and 8 U.S.C. § 1226(a).  See Rodriguz v. Bostock, 779 F. Supp. 3d 1239 (W.D. Wash. 2025), No. 25-6842 (9th Cir.).  Carballo v. Andrews addressed a due process claim raised by a petitioner detained pursuant to 8 U.S.C. § 1226(c).  See Carballo v. Andrews, 2025 WL 2381464 (E.D. Cal. Aug. 15, 2026), No. 25-6533 (9th Cir.).

This Court further recommends that a permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.  Petitioner shall be allowed to have his counsel present at any such hearing.

**III.    RESPONDENTS' MOTION TO DISMISS CERTAIN NAMED RESPONDENTS**

Petitioner named as respondents Facility Administrator of California City Corrections Facility Christopher Chestnut, Acting Field Office Director of the San Francisco ICE Sergio Albarran, ICE Acting Director Todd Lyons, Secretary of the United States Department of Homeland Security Kristi Noem and United States Attorney General Pamela Bondi.  (ECF No. 1 at 1.)  Respondents filed a motion to dismiss all respondents but for petitioner's immediate custodian, Facility Administrator of the California City Corrections Facility Christopher Chestnut.  (ECF No. 7.)

"[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."  Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004).  For such core habeas challenges, "only one person can be said to maintain custody over the detained petitioner, and that person is the proper respondent ...."  Doe v. Garland, 109 F.4th 1188, 1195 (9th Cir. 2024).  As petitioner challenged only his present physical confinement, a core habeas challenge, the Facility Administrator of the California City Corrections Facility Christopher Chestnut is the only proper respondent.  Accordingly, respondents' motion to dismiss the other named respondents should be granted.

**IV.    CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondents' motion to dismiss (ECF No. 7) certain respondents be granted and respondents Sergio Albarran, Todd Lyons, Kristi Noem, and Pamela Bondi be dismissed.  Facility Administrator of California City Corrections Facility Christopher Chestnut should be the sole

respondent.

2.  The petition for writ of habeas corpus be GRANTED.

3.  A permanent injunction be issued ENJOINING AND RESTRAINING respondents from re-detaining petitioner Amandeep Singh (A-216-173-944) unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.  Petitioner shall be allowed to have his counsel present at any such hearing.  This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

4.  The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 30, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Sing1867.157.imm/2