UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDEEP SINGH,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No.  1:26-cv-01867-DAD-CSK (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING RESPONDENTS' MOTION TO DISMISS<br><br>(Doc. Nos. 7, 11) |

Petitioner Amandeep Singh is a former federal immigration detainee proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 30, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be granted.  (Doc. No. 11.)  Specifically, the assigned magistrate judge found that petitioner was entitled, as required by due process, to the preliminary injunctive relief already granted by the undersigned being converted into a permanent injunction.  (*Id.* at 4–5.)  The findings and recommendations also recommend granting respondents' motion to dismiss those respondents who are not petitioner's immediate custodian.  (*Id.*)  The pending findings and recommendations were served on the

1

parties and contained notice that any objections thereto were to be filed within seven (7) days after service. (*Id.* at 5.) On April 5, 2026, respondents filed their objections to the pending findings and recommendations. (Doc. No. 12.)

Respondents' objections merely restate arguments that were previously rejected by the undersigned in granting petitioner's motion for temporary restraining order and by the analysis set forth in the magistrate judge's pending findings and recommendations. (Doc. No. 12 at 1–4.) Specifically, respondents first object that petitioner was properly detained pursuant to 8 U.S.C. § 1225(b)(2)(A), which the court rejected in its March 10, 2026 order granting petitioner's motion for temporary restraining order. (Doc. Nos. 9; 12 at 1.) Second, respondents object that petitioner does not have a liberty interest in his continued release, which the court also rejected in its prior order, concluding instead that petitioner had a liberty interest based on his prior release as a minor by the Office of Refugee Resettlement to a sponsor. (Doc. Nos. 9; 12 at 2–3.)[1]

Finally, respondents argue that only immediate release is available as core habeas relief and petitioner's requested relief for a permanent injunction against future detention absent certain due process protections cannot be provided by this court in addressing the pending habeas petition. (Doc No. 12 at 3–4.) Respondents argue that petitioner's immediate custodian cannot provide relief in addition to petitioner's release from custody. (*Id.*) In this regard, respondents' argument that this court should not order non-core habeas relief because the immediate custodian could not provide such relief is in tension with their motion to dismiss respondents who are not the immediate custodian. Indeed, in these circumstances, dismissal of non-custodians is inappropriate precisely because it is those non-custodian respondents who can be enjoined from

---

[1] The court also notes that respondents' argument in this regard relies on the decision in *Barrera-Echavarria v. Rison*, 44 F.3d 1441 (9th Cir. 1995), *superseded by statute as stated in*, *Xi v. I.N.S.*, 298 F.3d 832 (9th Cir. 2002), where the Ninth Circuit concluded that indefinite detention of an unadmitted non-citizen did not violate due process on the basis of the entry fiction doctrine. The court incorporates its prior reasoning in *Valencia v. Noem*, No. 1:26-cv-00563-DAD-SCR, 2026 WL 670349, at *1–2 (E.D. Cal. Mar. 10, 2026) explaining why this argument is unpersuasive. *See also R.I. v. Wofford*, No. 1:26-cv-01637-KES-SKO (HC), 2025 WL 3768205, at *4 (E.D. Cal. Dec. 31, 2025) (explaining that the entry fiction doctrine applies to procedural rights regarding applications for admission, but not "all substantive constitutional protection for non-admitted [non-citizens] present in the country") (citing *Wong v. United States*, 373 F.3d 952, 973 (9th Cir. 2004), *overruled in part on other grounds by Wilkie v. Robbins*, 551 U.S. 537 (2007)).

2

future re-detention. *See Kumar P. v. Warden*, No. 1:26-cv-02529-KES-FJS (HC), 2026 WL 1363086 (E.D. Cal. May 15, 2026) (recommending denying motion to dismiss non-custodian respondents because it is those respondents "who would make the decision to re-detain" the petitioner); *see also Osoria v. Warden of the Cal. City Det. Ctr.*, No. 1:26-cv-01528-KES-EPG (HC), 2026 WL 747297, at *1–2 (E.D. Cal. Mar. 17, 2026) (finding that the non-custodian respondents were properly joined in a habeas petition to permit enjoining future re-detention), *report and recommendation adopted*, 2026 WL 947105 (E.D. Cal. Apr. 8, 2026).  Accordingly, the court will decline to adopt the recommendation that respondents' motion to dismiss be granted, will deny that motion to dismiss, and rejects respondents' objection.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons above.

1.    The findings and recommendations issued on March 30, 2026 (Doc. No. 11) are ADOPTED IN PART;

2.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.    Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner absent exigent circumstances without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondents shall bear the burden of demonstrating that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

3.    Respondents' motion to dismiss (Doc. No. 7) is DENIED; and

/////

/////

/////

/////

/////

4.      The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:    **May 22, 2026**

_Dale A. Drozd_

DALE A. DROZD
UNITED STATES DISTRICT JUDGE